Flora NICHOLAS and Paul Gayter,
in their own right and as next
friend of S.G., Plaintiffs,

v.

WYNDHAM INTERNATIONAL INC.,
Wyndham Management Corporation,
Sugar Bay Club & Resort Corporation,
Rick Blyth and Bryan Hornby, Defendants.

Civ. No. 2001–147 M/R.

District Court, Virgin Islands,
D. St. Thomas and St. John.

Oct. 1, 2004.

Daryl C. Barnes, St. Croix, VI, Enu Mainigi, Washington, D.C., for plaintiffs.

Douglas C. Beach, St. Thomas, VI, for defendants Wyndham International Inc., Wyndam Management Corp., Sugar Bay Club & Resort Corp., and Rick Blyth.

John A. Zebedee, St. Thomas, VI, for defendant Bryan Hornby.

## MEMORANDUM

MOORE, District Judge.

Defendant Bryan Hornby has filed an objection to the magistrate judge's May 19, 2003, May 21, 2003, and May 28, 2003 orders regarding certain documents that Hornby alleges are not protected by the attorney work product doctrine. After reviewing the documents *in camera*, it is clear that they are not protected by the work product privilege and that the magistrate judge's ruling was contrary law. Accordingly, I will order the plaintiffs to produce the documents.

## I. FACTUAL BACKGROUND

On April 4, 2003, Hornby filed a motion informing the Court that he and the plaintiffs had not been able to reach an amicable agreement on whether certain documents are protected by the attorney client privilege and the work product privilege. In response, the magistrate judge ordered the plaintiffs to file a privilege log and provide him with copies of the contested documents for *in camera* review. The magistrate judge also ordered Hornby to file a statement indicating the particular entries on the privilege log that he contested and the reasons therefor.[1] After reviewing the plaintiffs' privilege

---

1. On April 30, 2003, Hornby filed his statement of objection, which specifically identified the following documents: GAY 0037, GAY 0045–46, GAY 0056, GAY 0059, GAY 0063, GAY 0071, GAY 0076–77, GAY 0078, GAY 0084–85, GAY 0087–88, GAY 0089, GAY 0091, GAY 0094, GAY 0097, GAY 00105, GAY 00107, GAY 00111, GAY 00119–20, GAY 00127, GAY 00130, GAY 00140–42, GAY 00314, GAY 00343–44, GAY 00345–47, GAY 0362–371, GAY 00389–390 [hereinafter "contested documents"]. I have also reviewed and include in my analysis GAY 00326–33, which

log, Hornby's objections,[2] and the contested documents *in camera*, on May 19, 2003, the magistrate judge found that many of the documents were not discoverable.[3]

Hornby has filed an opposition to the magistrate judge's May 19, 2003 order, arguing that the contested documents are not, as the plaintiffs claim, protected by the attorney work product doctrine.[4] The contested documents, which I have reviewed *in camera*,[5] are a collection of e-mails authored between November 17, 2000 and October 1, 2002 by plaintiff Flora Nicholas, plaintiff Paul Gayter, or Virgin Islands Assistant Attorney General Douglas Dick.[6] Although the plaintiffs' former counsel and current counsel were copied on some of the e-mails, none of the e-mails were authored by attorneys representing the plaintiffs. Furthermore, as the plaintiffs admit in their opposition brief, all of the e-mails relate to Hornby's criminal prosecution.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(a) provides magistrate judges with discretion to resolve nondispositive discovery disputes. See FED. R. CIVIL. P. 72(a); LRCi 72.1; *National Gateway Telecom, Inc. v. Aldridge*, 701 F.Supp. 1104, 1119 (D.N.J.1988), *aff'd* 879 F.2d 858 (3d Cir.1989). A magistrate judge's ruling on a nondispositive matter may be reversed only if the order is "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); LRCi. 72.1; *see also Haines v. Liggett Group, Inc.*, 975 F.2d 81, 92 (3d Cir.1992).

Under this standard, I should affirm the magistrate judge's findings of fact unless I am left with "the definite and firm conviction that a mistake has been committed." Fed. R.Civ.P. 72(a); *Harrison v. Bornn, Bornn & Handy*, 200 F.R.D. 509, 513 (D.Vi.2001).

## III. ANALYSIS

The work product doctrine, as established by the United States Supreme Court in *Hickman v. Taylor* and subsequently partially codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure, protects "the confidentiality of papers prepared by or on or behalf of attorneys in anticipation of litigation." *Westinghouse Electric Corporation v. Republic of the Philippines*, 951 F.2d 1414, 1428 (3d Cir.1991); *see also Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). "At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975). As the Third Circuit Court of Appeals has explained, "preserving the privacy of preparation that is essential to the attorney's adversary role is the central justification for the work product doctrine." *Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir.1985).

After my review of the contested documents *in camera*, it is clear to me that they are not protected under the work product doctrine. They simply are not documents

---

were not specifically identified in Hornby's statement of objection but were included in the collection of documents provided to the Court for *in camera* review.

**2.** Hornby also objected to the plaintiffs' redaction of the headers in the documents listed in footnote one of their privilege log. As I agree with the magistrate judge's ruling that the information in these headers must be produced, I have not included these documents in my analysis.

**3.** In reaching this decision, the magistrate judge referred to both the attorney-client privilege and the work product privilege, although it is not clear from his order which documents, if any, are protected by the attorney client privilege.

**4.** Although the magistrate judge referred to the attorney client privilege in his order, the parties do not address whether these documents should

be protected by that privilege and instead focus on the work product issue. The parties need not address this attorney client privilege because it is clear from my *in camera* review that the contested documents are not protected by either privilege.

**5.** I have reviewed all the contested documents, except for documents GAY 00389–390, which were apparently not provided to the magistrate judge. If the plaintiffs persist in their objections to these documents, they may submit them for my review within ten days of this opinion. Otherwise, they must disclose the documents to Hornby.

**6.** Specifically, 23 of the e-mails were authored or sent by Flora Nicholas, 3 were authored or sent by Paul Gayter, and 1 by attorney Douglas Dick.

prepared by or on behalf of attorneys in anticipation of litigation. Although the documents reflect the plaintiffs' diligence in monitoring the progress of Hornby's criminal prosecution, they in no way reflect the work or preparation of the plaintiffs attorneys in this present litigation.

The plaintiffs attempt to pull their argument up by its own boot straps, claiming that the documents were prepared in anticipation of litigation because they were drafted during the criminal prosecution of Hornby. In ruling that many of the documents were privileged, the magistrate judge apparently agreed with this unfounded argument, as evidenced by his observation that "most courts ... have ruled that the work product doctrine does extend to subsequent litigation" and his caution that the doctrine should only apply to "subsequent litigation which is closely related." (May 19, 2003 Order at 6.) While this is a correct statement of law, it has no application to the documents at issue here.

I agree with the formula for applying the work product doctrine in the context of subsequent litigation put forth by Professors Miller and Wright that the Court of Appeals has cited with approval: "[T]he test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *See* 8 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2024 (2nd ed.1994) (same language of earlier edition quoted with approval in *In re Grand Jury Investigation,* 599 F.2d 1224, 1229 (3d Cir. 1979)).

Applying this formulation, I find that even though the e-mails discuss Hornby, they have no relevance to this civil litigation and were not prepared by or on the behalf of an attorney because of the prospect of this civil case. Instead, the e-mails relate only to Hornby's criminal prosecution and have no relation to the work of the plaintiffs' attorneys on this civil litigation.

Accordingly, I conclude that the documents are not protected by the work product privilege and that the magistrate judge's de-cision was clearly erroneous and contrary to law. I will order the plaintiffs to produce the documents within twenty (20) days from the date of this decision.

## ORDER

For the reasons stated in the accompanying memorandum of even date, it is hereby

**ORDERED** that the magistrate judge's May 19, 2003, May 21, 2003, and May 28, 2003 orders are vacated; it is further

**ORDERED** that the plaintiffs must produce all of the documents excluded from discovery by the magistrate judge, including those identified in footnote one of the accompanying memorandum, within twenty (20) days of the date of this order.